

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 11, 2005

John Moscardelli, Esq.
Peters & Moscardelli
100 Boylston Street, Ste 1015
Boston, MA 02166

Edward DeFranceschi, Esq.
6 Beacon Street
Boston, MA 02108-3802

Re: <u>U.S. v. Ronald Hazel</u>
    Criminal No. ___

Dear Messrs Moscardelli and DeFranceschi:

     This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ronald Hazel ("Defendant"), in the above-captioned case. The Agreement is as follows:

     1.     <u>Change of Plea</u>

     At the earliest practicable date, Defendant shall waive indictment and plead guilty to the attached 2 count criminal Information charging him with one count of tax evasion in violation of Title 26, United States Code, Section 7201, and one count pertaining to the unlawful sale of drug paraphernalia in violation of Title 21, United States Code, Section 863. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the Information, and is in fact guilty of those offenses. Defendant expressly waives any defense to the charges in the above-captioned Information based on the expiration of any statute of limitations.

     2.     <u>Penalties</u>

     Defendant faces the following maximum penalty on each count in the Information:

Count 1. For violation of Title 26, United States Code, Section 7201:

1. 5 years imprisonment;
2. A fine of the greater of $250,000 or twice the gross pecuniary gain of the offense;
3. Three years of supervised release,
4. Costs of prosecution; and a
5. Special assessment of $100

Count 2. For violation of Title 21, United States Code, Section 863:

1. 3 years imprisonment;
2. A fine of the greater of $250,000 or twice the gross pecuniary gain of the offense;
3. 1 year of supervised release,
4. Costs of prosecution; and a
5. Special assessment of $100

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

a. The parties agree that the 2000 edition of the Sentencing Guidelines, in effect at the time the most recent offense was completed, should be used to determine the base offense level.

b. The parties agree that Guideline section §2T1.1 applies to violations of 26 U.S.C. §7201. Pursuant to §2T1.1, the base offense level is determined based on the tax loss that was the object of the offense. The parties agree that tax loss relating to the 1996 and 1997 tax years should be included in determining the base offense level pursuant to §1B1.3. The parties stipulate and agree that the total tax loss for sentencing purposes for the 1996, 1997 and 1998 tax years is more than $200,000 but less than $325,000. Using the Tax Table at §2T4.1, a tax loss of

between $200,000 and $325,000 results in a Guideline offense level of 16.

    c. The parties agree that Guideline section §2D1.7 applies to violations of 21 U.S.C. §863 and carries a base offense level of 12.

    d. The parties agree that violations of 21 U.S.C. §863 and 26 U.S.C. §7201 do not group; therefore, the parties further agree that application of Guideline Section §3D1.4 results in a combined offense level of 17.

In determining the sentence, the Court must consult and take into account the factors set forth in 18 U.S.C. §3553(a), including the United States Sentencing Guidelines. The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below:

    A. The Defendant reserves the right to move for a downward departure from the sentencing range established by the U.S. Sentencing Guidelines on the following grounds:

    1.    Age, health & physical condition (U.S.S.G. §§ 5H1.1 & 5H1.4);

    2.    Prior records of good works/aberrant nature of offense conduct;

    3.    Collateral financial impact on other individuals, as discussed in U.S. v. Olbres, 99 F.3d 28 (1st. Cir. 1996).

    B. The Defendant stipulates and agrees that he will not seek, and there is no basis for, a departure from the sentencing range established by the United States Sentencing Guidelines on any other grounds. The Defendant further agrees that he will file his motion for a downward departure, and any legal memoranda in support thereof, at least twenty-one days prior to sentencing. Any departure grounds not raised and filed with the Court twenty-one days prior to sentencing shall be deemed waived.

    C. In the event Defendant contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts

retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's departure arguments.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement;

and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Incarceration at the low end of the Guideline Range based on an adjusted offense level no lower than 14;

(b) Forfeiture as set forth in paragraph 9;

(c) Supervised release of three years;

(d) Special Assessment of $200.

There is no agreement for a recommendation concerning any other aspect of sentencing.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

The Defendant must, within six months of sentencing or release from custody, whichever is later:

(A) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(B) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(C) Provide to the Collection Division all financial information necessary to

        determine Defendant's ability to pay;

(D)     File accurate and complete federal corporate tax returns for all of his business entities, including but not limited to, Visionary Concepts of NY, Inc., for fiscal years 1996 through 1998, and for any other years for which returns were not filed or for which inaccurate returns were filed; and

(E)     Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.     <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.     <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1)     Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5000;

(2)     Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $5000 per month; and

(3)     Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence be set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing

Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.   Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §863(c) as a result of his guilty plea.

The assets to be forfeited pursuant to 21 U.S.C. § 881 and 863 specifically include, without limitation, all his right, title, and interest in the following: (a) all drug paraphernalia seized from Shop Therapy, 346 Commercial Street, Fat Chance, 230 Commercial Street, and Rush Hour/Spank The Monkey, 347 Commercial Street, Provincetown, Massachusetts, on June 9, 1998 and January 1, 1999; and, (b) $113,225.00 in United States currency, seized from 344 C Commercial Street, Provincetown, Massachusetts, on January 21, 1999. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's unlawful sales of drug paraphernalia and/or property used, or intended to be used, to commit the crimes charged in Count 2 of the Information. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Specifically, Defendant agrees not to contest, either individually or as representative of Visionary Concepts of New York, Incorporated, or any other corporation or entity, any Motion for Judgment and Order of Forfeiture filed by the United States in United States v. All Drug Paraphernalia, Civil Action No. 99-10014-WGY, or any related civil forfeiture action, and further agrees not to contest the forfeiture of, and to withdraw any claim made to, the $113,225 in United States currency seized from 344 C Commercial Street, Provincetown, Massachusetts, on January 21, 1999. Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Defendant admits that these assets are subject to forfeiture because they constitute "drug paraphernalia" as defined by 21 U.S.C. § 863, or property that was used, or intended to be used, to facilitate violations of Title 21. Defendant further admits that he is the sole owner of the drug paraphernalia and currency located at or seized from the properties listed above.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take

whatever steps are deemed necessary by the U.S. Attorney, the Internal Revenue Service and the U.S. Drug Enforcement Administration, to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the information.

The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States, with the exception that $35,000 of the $113,225 in U.S. Currency seized from 344 C Commercial Street on January 21, 1999 will be applied to satisfy a portion of the defendant's civil tax liability, as determined by the procedures discussed in paragraph 4 of this agreement.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law, including the relevant statute of limitations.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

10.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the DEA, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters

occurring before the grand jury for this purpose.

12.     Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

14.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.     Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Trial Attorney Scott Lawson.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

By:    *Diane C. Freniere*
       DIANE C. FRENIERE
       Assistant U.S. Attorney
       Chief, White Collar Crime Section

       SCOTT LAWSON
       Trial Attorney
       Tax Division
       U.S. Department of Justice

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Ronald Hazel
Defendant

Date: 4/13/05

I certify that Ronald Hazel has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Edward DeFranceschi, Esq.
Attorney for Defendant

Date: 4/13/05

John Moscardelli, Esq.
Attorney for Defendant

Date: 4/13/05